IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Douglas Fauconier, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv1692 (TSE/JFA) |
| ) | |
| Harold W. Clarke, et al., ) | |
|     Defendants. ) | |

MEMORANDUM OPINION

Douglas Fauconier, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that his rights under both the Constitution and the Americans with Disabilities Act ("ADA") were violated when he was removed from his position as a houseman at Powhatan Correctional Center ("PCC"). Plaintiff has applied to proceed in forma pauperis in this action, and has moved for the appointment of counsel. After careful review of plaintiff's complaint, the claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1] Plaintiff's motions to proceed in forma pauperis and for appointment of

---

[1] Section 1915A provides:

    (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

counsel accordingly will be denied, as moot.

I.

Plaintiff alleges that he has always been employed in a variety of jobs during his incarceration by the Virginia Department of Corrections. At PCC, he worked in the cafeteria and as a houseman performing janitorial duties. On or about October 14, 2010, plaintiff was admitted to the Medical College of Virginia ("MCV") for an unspecified ailment. After a "very brief" hospital stay, plaintiff returned to PCC and was placed in a different housing unit, which "effectively remov[ed]" him from his houseman position. Compl. at 2. When bed space became available plaintiff was returned to his original housing unit and was required to re-apply for a houseman position. However, he was not re-hired due to his medical status. Compl. at 3. Plaintiff states that from 2010 until the present, he "has been continually disapproved for all jobs for which he applied, and he has been automatically disqualified from seeking any employment as a prisoner imprisoned in DOC due to his medical classification." Id.

Plaintiff includes exhibits to the complaint consisting of various grievances he filed regarding his work status. In response to one such grievance, Officer L. Black stated:

> Your medical work code is "D." Medical work code "D" means no work, making you ineligible for all jobs. Your medical work code is set by the doctor. Please consult the doctor about the reasoning behind this classification. Action was in accordance with OP 841.3

Compl., Ex. 1.

Plaintiff alleges here that his exclusion from prison work programs violates his rights under the Fourteenth Amendment as well as Title II of the ADA. The named defendants are Harold W. Clarke, Director of the Virginia Department of Corrections; Jeffery N. Dillman, Warden of PCC; Luke Isaiah Black, PCC's institutional programs manager; and Lakenesha

2

Spencer, PCC's programs assignment reviewer. As relief, plaintiff seeks an award of compensatory and punitive damages, as well as declaratory and injunctive relief requiring defendants to "end their discrimination" against him. Compl. at 5.

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists

between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Here, even liberal construction of plaintiff's allegations fails to reveal a redressable § 1983 claim, because plaintiff has no federally-guaranteed right to the entitlement he asserts.

Prisoners have no constitutional right to job opportunities while incarcerated. Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980); Awalt v. Whalen, 809 F. Supp. 414, 416-17 (E.D. Va. 1992) (prisoners do not have a constitutionally-protected right to work while incarcerated, or to remain in a particular job once assigned). A prisoner has no constitutionally-protected liberty interest in any particular job assignment or work detail. Johnson v. Knable, 862 F.2d 314, 1988 WL 119136, **1 (4th Cir. 1988) (table) ("[P]rison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."); Olim, 461 U.S. at 250. "[T]he classifications and work assignments of prisoners ... are matters of prison administration, within the discretion of the prison administrators...." Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 1009 (1978); accord, Mitchell v. Murray, 856 F. Supp. 289, 293 (E.D. Va. 1994).

Moreover, prisoners have no due process right to participate in vocational or educational programs. Women Prisoners of Dist. of Columbia Dep't of Corr. v. Dist. of Columbia, 93 F.3d

910, 927 (D.C. Cir. 1996) (inmates do not have a constitutional right to work or educational opportunities). Therefore, the fact that plaintiff is no longer permitted to work in institutional job placements states no claim of constitutional dimension.

Plaintiff's reliance on the ADA fares no better. In Chase v. Baskerville, 508 F.Supp.2d 492 (E.D. Va. 2007) (Hudson, J.), aff'd, 305 Fed. App'x 135 (4th Cir. Dec. 31, 2008), this court recognized that "in the context of state prisons, Title II validly abrogates state sovereign immunity and 'creates a private cause of action for damages against the States' only 'for conduct that *actually* violates the Fourteenth Amendment.'" Id. at 506, citing United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis original). Accordingly, a deaf prisoner's demand for damages under Title II of the ADA for his failure to receive the services of an interpreter was dismissed. Id. Here, for the reasons stated above, plaintiff's removal from his prison work assignment does not violate the Fourteenth Amendment, so his claim under Title II of the ADA likewise must be dismissed.

IV.

For the foregoing reasons, plaintiff's claims for relief under § 1983 and the ADA must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. An appropriate Order shall issue.

Entered this 31st day of December 2014.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge.